WILLIAM R. SAUNDERS, TREASURER v. STATE EX REL. B. F. SMITH.

1. REGULATION OF FUNDS APPORTIONED TO SUB-DISTRICTS FOR SCHOOL PURPOSES.

The amount of funds apportioned to any sub-district for school purposes in any one year, cannot be increased or diminished by reason of any deficit or surplus in the funds previously apportioned to that sub-district or to any other sub-district.

2. SUFFICIENCY OF DEFENSE IN AN ANSWER TO AN ACTION TO RECOVER A TEACHER'S SALARY.

In an action against a township treasurer asking a writ of mandamus to require him to pay an order issued to a teacher for services rendered in a sub-district, an answer alleging that before presentation of the order, the funds apportioned to that sub-district for school purposes for the year during which the services were rendered had been exhausted, is a sufficient defense.

ERROR to the Court of Common Pleas of Miami county.

This was an action in the court below, by the defendant in error against the plaintiff in error, praying for a writ of mandamus to compel him to pay to defendant in error the sum of $71.00 out of the tuition funds in his hands belonging to Staunton township.

The petition averred that the plaintiff in error was the duly elected and qualified treasurer of Staunton township, Miami county O., and as such had, on August 28, 1886, and still has in his possession, and under his control, ample funds for the purpose of paying out the same in support of the common schools of said township, on the order of the clerk; that the clerk of said township, on August 28, 1886, issued to plaintiff, for services as teacher in said township, two orders on such treasurer, aggregating $71.00; that the amount of the order is due him, but the treasurer refuses to pay the same. A demurrer was filed to this petition, which was overruled, and it is claimed that this was erroneous. In the absence of a motion to make this petition more definite and certain, it does not appear that the court erred in overruling this demurrer; and even if it was an error, in accordance with the well established rules of law in this state, we could not reverse the judgment for this error, as no prejudice is shown to have resulted to the plaintiff in error. The points sought to be made by this demurrer were squarely presented and decided upon the demurrer to the amended answer. Sec. 5115, Rev. Stat. The Ins. Co. v. Kelly, 24 O. S., 345, 357; Same v. McCookey et al., 33 O. S., 555; Louderman Exr v. Judy, ante, 526.

The demurrer having been overruled, the treasurer filed an answer which was afterwards amended. To this amended answer a demurrer was sustained, and the treasurer not desiring to plead further, a judgment was rendered against him.

The sustaining of this demurrer, and rendering judgment in favor of the defendant in error, are the other errors alleged, for which a reversal of the judgment is sought.

The amended answer is as follows:

Now comes defendant Wm. R. Saunders, and files ·this amended answer herein and says, that the relator ought not to have his writ of mandamus herein, for the reasons following :

Vol. II.                    CIRCUIT COURTS.                    **597**

475          Saunders, Treasurer v. State of Ohio ex rel. Smith.

*First*—Because respondent says, that said orders in the petition mentioned, were issued to said relator for services rendered as teacher in sub-school district No. 2, of said Staunton township, in said county, between the first day of September, 1885, and the first day of September, 1886 ; that the board of education of said township, in addition to the state funds for said sub-district, out of the contingent fund in said township, had apportioned a sum, so that the aggregate thereof amounted to $453.40, being the sum of $265.31 as a balance on hand in the treasury on September 21, 1885, and $15.00 transferred to said fund for said sub-district out of the building fund in said township, and $173.09 received from the county treasurer on February 25, 1886 ; that said aggregate of $453.40 was apportioned to said sub-district, as a tuition fund, for said school year aforesaid, by the township board of education for said sub-district ; and that each and all of said sub-districts in said township had an equal proportion for said year.

That under contract duly had with the local directors of said sub-district No. 2, the relator taught the school in said sub-district during said school year aforesaid, for more than six months, and had received orders for the same on the treasurer of said township, and which were paid by said treasurer, aggregating the sum of $453.40, the amount so apportioned and allotted to said sub-district for said year as aforesaid, and that the orders in said petition, were thereafter issued for services rendered after said apportionment had been so exhausted.

Respondent admits, that on the 25th day of August, 1886, he received from the treasurer of said county, for said sub-district, from the tuition fund therefor, the sum of $128.66 ; but that said $128.66 was, by order of the board of education of said township, apportioned to said sub-district, for the maintenance of schools for the school year beginning September 1, 1886, and ending September 1, 1887 ; and said respondent furthermore says, that said relator knew, at and before the time said services were rendered, for which said orders were issued, and knew before said contract was entered into for the teaching of said school, for the time for which said orders were issued, that the apportionment of tuition funds for said sub-district for said year had been made as aforesaid, and that there was allotted to said sub-district, for said purposes for said time, the sum of $453.40 only. Notice of said apportionment of said August (1886) fund so as above stated, was duly served upon the respondent as such treasurer by the said board of education, on the 8th day of May, 1886.

*Second*—Because said apportionment for said school year first mentioned had been wholly exhausted, as hereinbefore set forth, before said orders first mentioned were presented to the respondent for payment ; and if said orders are to be paid out of the apportionment for the present year, or the funds now in relator's hands, there will not be sufficient means in the hands of relator to meet the demands under the contract for teaching for the present school year.

Wherefore respondent says, he has no funds in his hands for the payment of said orders, and asks that relator's application for said writ may be dismissed, and for such other relief as is equitable and just.

As appears by this pleading, the relator was a teacher in sub-district No. 2 of said township, between the 1st day of September, 1885, and the 1st day of September, 1886 ; that there was apportioned by the township board of education for that sub-district, and from the state school funds, the sum of $453.40, being all the available funds for that purpose ; that each and all the sub-districts in said township had an equal proportion for that year, and that in this particular sub-district school was held for more than six months during the year, and the teacher paid therefor. The relator knew before the orders were issued, and before he entered into his contract as a teacher, the exact sum apportioned to this sub-district for that year ; this sum had been paid to him for his services before these orders were presented to the treasurer. All the money which the treasurer has in his hands belonging to this sub-district, has been apportioned by the township board for the support of schools for the year beginning September

1, 1886, and ending September 1, 1887, which money was received by him from the county treasurer, August 25, 1886.

STEWART, J.

The provisions of the statutes in relation to the levy and apportionment of school funds to the different townships, are as follows:

The board of education between the third Monday in April and the first Monday in June, annually, shall determine as nearly as practicable the entire amount of money necessary to be levied as a contingent fund for schools, school houses, etc., of the district, after the state school funds are exhausted, sec. 3958, Rev. Stat. (81 O. L., 178.).

This amount is certified to the county auditor, and collected by him as a contingent fund, sec. 3960, Rev. Stat.

The state school funds are apportioned annually by the county auditor in proportion to the enumeration of youth, to *districts, sub-districts, etc.,* and the contingent funds to the several *districts,* sec. 3964, Rev. Stat., (77 O. L., 58.)

This apportionment is immediately entered by the auditor in a book provided for that purpose, and a certified copy furnished to each township treasurer and clerk in his county; and he gives each treasurer an order on the county treasurer for the funds coming to him, sec. 3965; Rev. Stat.

The township treasurer is required to keep an account, which shall show the amounts received from the county treasurer, and all sums received from other sources on the order of the clerk. Also, the amounts paid out, from what fund, and for what purposes. And he must keep a *separate account* with *each fund,* and balance each account at the close of the school year, so that the account will show the balance in the treasurer's hands belonging to each fund, sec. 4045, Rev. Stat.

As is shown above, the county auditor apportions the state school funds to the several sub districts; but the contingent fund must be apportioned by the township board as follows, and under the following restrictions:

"So much of the contingent fund as may be set apart by a township board for the continuance of schools after the state funds are exhausted, shall be so apportioned by the board, that the schools in all the sub-districts of the township shall be continued the same length of time each year; and if the apportionment be not satisfactory to the directors of any sub-district, or a majority of them, they may give notice thereof, in writing, to the county commissioners, who at their first regular meeting for the transaction of business after the receipt of such notice, shall revise the apportionment, and the amount aforesaid shall be apportioned in the manner determined by the commissioners, *but neither the township board nor the commissioners shall reapportion any funds which were apportioned among the sub-districts before any preceding settlement, and in making an apportionment of funds, the amount set apart shall not be increased or diminished by reason of any deficit or surplus in the funds previously apportioned to such sub-district,* sec. 3967, Rev. Stat. (82 O. L., 92).

An examination of sec. 3967, Rev. Stat., prior to the amendment of March 20, 1885, (82 O. L., 92 *supra*) shows that the portion of the statute in italics constituted the whole of the amendment.

Section 4018, Rev. Stat. provides that township directors shall employ and dismiss the teachers of the schools in their respective sub-districts, fix their salaries, etc., with the express limitation however, that the salaries shall not exceed, in the aggregate, in any year, for any sub-district, the amount of money to which the subdistrict is entitled for the purposes of tuition for such year.

Section 4019, Rev. Stat., provides that where a teacher shall recover judgment against a sub-district for his salary, the directors shall issue an order upon the township treasurer to pay the same to the proper person, out of any money in his hand *belonging to such sub-district,* and applicable to the payment of teachers.

In view of all these several provisions of the statutes, it is clear that the purposes of the legislature in making these enactments were: That the funds belonging to the several sub-districts, should be so apportioned as to give the youth of the several sub-districts equal school privileges in each year; that the township treasurer should carefully keep separate accounts of these funds; that the funds apportioned to any sub-district should not be increased or diminished in any year by the deficiency or surplus of the same fund in any preceding or succeeding year, much less by the deficiency or surplus of the funds of any other sub-district; that the contracts of directors of sub-districts for teachers, must not exceed the amount of money apportioned to the sub-district for that year; and that the township treasurer is not authorized or permitted, by law, to pay out of one fund in his hands an order drawn upon another fund. If he could do that, he could thus nullify all of these salutary provisions of the statutes.

But it is claimed in behalf of the defendant in error, that because of the provisions of sec. 4018, Rev. Stat., that "the directors, at the end of any month, or at the end of the term, shall give to the teachers employed by them certificates of such employment, and of services rendered, addressed to the township clerk, who upon presentation thereof, and compliance by such teacher with the provisions of sec. 4051, shall draw orders on the township treasurer for the amounts certified to be due, in favor of the parties entitled thereto, and the treasurer *shall pay* the same," that the treasurer cannot refuse to pay when the clerk has drawn the order; that he has but one duty to perform, and that is to pay the order.

We have been cited to the cases of Case v. Wresler, Treas,, 4 O. S., 561; State ex rel. Johnson v. Wilcox, Clerk, 11 O. S., 326, and State ex rel. Werden v. Williams, Clerk, 29 O. S., 161, as authorities supporting this claim of the defendant in error. We do not think they are pertinent to the question made by the amended answer, for all that these cases decide is, that a township clerk or treasurer cannot refuse to issue an order, or pay one, upon the ground that the directors have not done their duty in the premises. That is not the defense urged here; it is that there are no funds with which to pay the order, and the conclusiveness of such a defense is settled by the cases of State ex rel. Sharp v. Trustees, 2 O., 108; Church v. Trustees, 6 O., 445.

Mandamus is a writ issued in the name of the state to an inferior tribunal, corporation, board or person commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station, sec. 6741, Rev. Stat.

If the allegations of the amended answer are true, and they were admitted to be true by the demurrers, the allowance of the writ in this case, would be to command the treasurer to perform an act which, as we have seen, the law has forbidden him to do.

It cannot be claimed that the refusal of the writ is any hardship to the defendant in error, for he knew when he made his contract, that there would not be money enough in the treasury to pay his salary; that the directors had made a contract with him in express violation of the law; and he cannot be heard to complain if he suffers the necessary consequences of his own act.

For these reasons, we think, the court below erred in sustaining the demurrer to the amended answer and rendering judgment for the relator.

The judgment will therefore be reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer to the amended answer, and for further proceedings according to law.

Kellogg & Jones, for plaintiff.

W. S. Thomas, for defendant.